1 KAREN P. HEWITT
United States Attorney
2 CAROLINE J. CLARK
Assistant U.S. Attorney
3 California State Bar No. 220000
Office of the U.S. Attorney
4 880 Front Street, Room 6293
San Diego, California 92101-8893
5 Telephone: (619) 557-7491
Facsimile: (619) 557-5004
6 E-mail: caroline.clark@usdoj.gov

7 Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHRAM ZAMANI and TINA BABAIE AMIN, | Case No. 07cv2063 IEG (NLS) |
| Plaintiffs, | |
| v. | ANSWER TO COMPLAINT |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO GONZALEZ, Director of the U.S. Citizenship and Immigration Services; PAUL PIERRE, District Director of the San Diego District; and MICHAEL MUKASEY, Attorney General, | |
| Defendants. | |

COME NOW THE DEFENDANTS, by and through their counsel, Karen P. Hewitt, United States Attorney, and Caroline Clark, Assistant United States Attorney, and in answer to the Plaintiffs' Complaint for Relief in the Nature of Mandamus (Complaint), set forth the following:

1. Answering Paragraph 1 of the Complaint, with respect to the first through the third sentences, Defendants admit the allegations therein based on knowledge and belief. With respect to the fourth sentence, Defendants state that the allegation contained therein is a legal conclusion solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said sentence is denied.

//

2. Answering Paragraph 2 of the Complaint, with respect to the first and second sentences, Defendants admit the allegations contained therein. With respect to the third sentence, Defendants admit that Paul Pierre is the District Director for the San Diego District Office, but deny that Peter Keisler is the Acting Attorney General as Michael Mukasey is now the Attorney General. With respect to the fourth sentence, Defendants allege that no answer is required to said sentence inasmuch as there are no charging allegations directed to the answering Defendants. To the extent that an answer is required, Defendants admit that they are being sued in their official capacity. With respect to the fifth sentence, Defendants deny the allegations contained therein to the extent that the Secretary of Homeland Security, and his subordinates, not the Attorney General, are responsible for the processing and adjudication of applications for lawful permanent resident status.

3. Answering Paragraph 3 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

4. Answering Paragraph 4 of the Complaint, with respect to the first sentence, Defendants deny that Plaintiff Shahram Zamani filed an Application for Adjustment of Status (Form I-485) on July 26, 2005, but Defendants admit that he filed such an application on July 27, 2005. Answering further, Defendants admit that the application was based on a Petition for Alien Relative (Form I-130) filed by his U.S. Citizen spouse. Defendants deny any remaining allegations in the first sentence. With respect to the second sentence, Defendants admit that Plaintiffs were interviewed on May 17, 2006. With respect to the third sentence, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said sentence, and based thereon, deny the allegations therein.

5. Answering Paragraph 5 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and based thereon, deny the allegations therein.

6. Answering Paragraph 6 of the Complaint, Defendants allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendants. To the

1 extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and based thereon, deny the allegations therein.

7. Answering Paragraph 7 of the Complaint, Defendants admit that Plaintiff Shahram Zamani's Application for Adjustment of Status (Form I-485) and Petition for Alien Relative (Form I-130) were filed on July 27, 2005. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and based thereon, deny the remaining allegations.

8. Answering Paragraph 8 of the Complaint, Defendants deny each, all and every allegation contained therein.

9. Answering Paragraph 9 of the Complaint, Defendants deny each, all and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

11. Answering Paragraph 11 of the Complaint, Defendants deny each, all and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Defendants deny each, all and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

The remainder of Plaintiffs' Complaint represents a Prayer for Relief to which no responsive pleading is required. To the extent that the Prayer for Relief is deemed to allege facts to which a response is required, Defendants deny the allegations.

//

**AFFIRMATIVE OR OTHER DEFENSES**

All allegations not here before specifically admitted, denied, or modified, are hereby denied. For further or separate answer, Defendants allege as follows:

<u>FIRST DEFENSE</u>

The subject of this Complaint is Plaintiff Shahram Zamani's pending adjustment of status application. Plaintiff Tina Babaie Amin lacks standing and therefore subject matter jurisdiction.

<u>SECOND DEFENSE</u>

The Court lacks jurisdiction over the subject matter of this action.

<u>THIRD DEFENSE</u>

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

<u>FOURTH DEFENSE</u>

At all times alleged in the Complaint, Defendants were acting in good faith, with justification, and pursuant to authority.

<u>FIFTH DEFENSE</u>

The Defendants are processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

WHEREFORE, Defendants pray that Plaintiffs take nothing by reason of their suit herein, that judgment be rendered in favor of said Defendants, for costs of suit herein incurred, and for such other and further relief as this Court may deem proper.

DATED: December 26, 2007

KAREN P. HEWITT
United States Attorney

s/ Caroline J. Clark

CAROLINE J. CLARK
Assistant United States Attorney
Attorneys for Defendants
E-Mail: caroline.clark@usdoj.gov